UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.: 8:18-cv-718-T-30CPT

LISA GARZON, individually and on
behalf of all others similarly situated,

    Plaintiff,

-vs-

FIRSTSOURCE ADVANTAGE, LLC,
a New York limited liability company,

    Defendant.
_____/

# FIRST AMENDED CLASS ACTION COMPLAINT
## JURY DEMAND

Plaintiff, Lisa Garzon (hereinafter "Plaintiff"), individually and on behalf of all others similarly situated, pursuant to Federal Rule of Civil Procedure 15(a)(1)(A) files this First Amended Class Action Complaint as a matter of course for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") against Defendant, FirstSource Advantage, LLC (hereinafter "Defendant") in order to remedy illegal debt collection practices.

## INTRODUCTION

1. Abusive practices arising from the collection of time-barred debts are not uncommon. *See Federal Trade Commission, Collecting Consumer Debt; The Challenge of Change, A Workshop Report* at 27-29 (Feb. 2009). The Federal Trade Commission has determined that most consumers do not know their legal rights with respect to collection of old debts past the statute of limitations and has also concluded that offers of partial payment "may convey or imply to consumers that they have only obligated themselves in the amount of the

partial payment." *See Federal Trade Commission, The Structure and Practice of the Debt Buying Industry* 46-47 (Jan. 2013). Because the profit potential associated with the collection of time-barred debts is so great, it presents an irresistible temptation to debt collectors and creditors alike. The instant class action is centered on the collection of these types of debts.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this class action pursuant to 28 U.S.C. §§ 1331, 1337, and 15 U.S.C. § 1692k(d).

3. Venue is proper because this is where the cause of action accrued: Defendant transacts and/or conducts business in this venue, Defendant illegally attempted to collect consumer debts within this venue, and Plaintiff resides here.

4. Defendant's communications with Plaintiff and members of the Class in connection with the attempted collection of consumer debts in Florida made it foreseeable that it would be haled into a Florida Court. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985).

## PARTIES

5. Plaintiff is a natural person, and at all times relevant to this action, was a citizen of the State of Florida, residing in Manatee County, Florida.

6. At all times relevant to this action, Plaintiff is and was a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. Defendant is a foreign corporation whose principal place of business is located at 205 Bryant Woods South, Amherst, NY 14228.

8. Defendant's registered agent for service of process in the state of Florida is CT Corporation System, 1200 South Pine Island Road, Plantation, FL 33324.

9. Defendant describes itself as "a leading global collections service provider" that "has been delivering results in the collections arena since 1995."[1]

10. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of consumer debts.

11. Defendant is registered with the Florida Office of Financial Regulation as a collection agency and is assigned license number CCA0800169.

12. At all times relevant to this action, Defendant is and was a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## APPLICABLE LAW

**I.  Fair Debt Collection Practices Act**

13. The purpose of the FDCPA is "to eliminate abusive debt collection practices . . . and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692.

14. The FDCPA prevents false, deceptive or misleading representations in connection with the collection of consumer debts. 15 U.S.C. § 1692e.

15. The FDCPA also prevents the use of unfair or unconscionable means to collect or attempt to collect consumer debts. 15 U.S.C. § 1692f.

16. The FDCPA creates a private right of action under 15 U.S.C. § 1692k.

17. The FDCPA defines the term "consumer" as "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3).

18. The FDCPA defines the term "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or

---

[1] http://www.firstsourceadvantage.com/about.aspx

services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5).

19. The FDCPA defines the term "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

20. When determining whether the FDCPA has been violated, a court must apply an objective test focused on how the least sophisticated consumer would be affected by a debt collectors practices. *See Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1172-75 (11th Cir. 1985).

## FACTUAL ALLEGATIONS

21. At all times relevant, Defendant sought to collect from Plaintiff, and members of the Class, consumer debts arising from transactions incurred primarily for personal, family or household purposes.

22. Specifically, Defendant attempted to collect from Plaintiff monies purportedly due for American Express credit card balance.

23. The American Express credit card debt allegedly owed by Plaintiff is claimed to be in default by Defendant.

24. At all times relevant, Defendant acted as a third-party debt collector, collecting or attempting to collect, debts owed or alleged to be owed to another.

25. At all times relevant, Defendant was *not* an employee or officer of American Express or any of its related entities.

26. At all times relevant, Defendant was *not* related by common ownership or affiliated by corporate control with American Express or any of its related entities.

27. At a date better known by Defendant, Plaintiff received several form debt collection letters, sent from Defendant and on Defendant's letterhead, demanding payment of the subject American Express credit card debt.

28. On or about March 2, 2018, Defendant sent a form debt collection letter (hereinafter the "March Letter") to Plaintiff regarding an alleged balance for her American Express credit card. (Exhibit 'A').

29. When Plaintiff received the March Letter, she bore no legal responsibility to pay the debt and could face no legal exposure by not paying.

30. The March Letter displays the American Express logo accompanied by an encircled "R" that typically denotes the use of a registered trademark.

31. The March Letter alleges that Plaintiff is indebted to American Express in the amount of $2,242.84.

32. The March Letter further sets forth the following statements:

"The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it. In addition, the law limits how long a debt can be reported to a consumer reporting agency. Because of the age of your debt, we cannot report it to a consumer reporting agency. Payment or non-payment of this debt will not affect your credit."

"American Express understands that you may be having difficulties paying the Outstanding Balance on your American Express account referenced above and would like to work with you to come to a solution."

"This letter offers you the opportunity to settle your account for $1,009.44 which represents 45% of the Outstanding Balance."

"Pay 45% of your balance owed over the next 24 months and your payment will be $42.06 a month."

"To accept this offer you must call 1-855-618-2435 by 03/27/2018."

"Settle for a Portion of the Outstanding Balance and Avoid Further Collection Activity"

"This opportunity allows you to resolve the balance owed on your American Express account and avoid additional collections activities."

"Sincerely, American Express Global Collections"

33. The March Letter contains contact information for Defendant, is an offer to settle a time-barred debt, and was sent by Defendant in an attempt to collect a debt.

34. The telephone number, 1-855-618-2435 listed on the March 2 Letter is not an American Express telephone number; however, callers to that number are greeted by individuals identifying themselves as representatives of American Express. (Exhibit 'B').[2]

35. Consumers, individuals, and persons who call the 1-855-618-2435 number are in fact speaking to representatives and employees of Defendant, who have no employment or affiliation with American Express.

36. The March Letter references a contact address for American Express of P.O. Box 6985, Buffalo, NY 14240.

37. Upon information and belief, American Express does not own P.O. Box 6985, Buffalo, NY 14240.

38. Upon information and belief, the name "American Express Global Collections" used on the March Letter is not an entity owned by American Express.

39. Moreover, the New York Department of State, Division of Corporations does not reflect that an entity named "American Express Global Collections" exists. (Exhibit 'C').[3]

40. Upon information and belief, "American Express Global Collections" is a name used by Defendant to conceal its true identity from consumers.

---

[2] https://800notes.com/Phone.aspx/1-855-618-2435 (last visited March 23, 2018)
[3] https://appext20.dos.ny.gov/corp_public/CORPSEARCH.SELECT_ENTITY (last visited March 23, 2018)

41. The numerous references to "American Express" by Defendant in the March Letter are meant to instill in the recipient that the letter was actually sent by the original creditor.

42. Defendant sent the March Letter to Plaintiff and similar collection letters to other consumers in Florida, which appear to be sent directly from American Express, in order to avoid compliance with Federal and State consumer protection laws.

43. Defendant has been sued previously for similar false and deceptive debt collection activities. *See Pollak v. FirstSource Advantage, LLC,* Case No.: 3:15-cv-06046-BRM-DEA, 2017 U.S. Dist. LEXIS 37520 (D.N.J. March 16, 2016).

44. Upon information and belief, Defendant receives a portion of any monies collected in relation to the form collection letters sent to consumers.

45. Defendant intentionally deceives Florida consumers when sending the form debt collection letters couched as "offers to settle," by not disclosing that a partial payment made toward a time-barred debt would reset the statute of limitations, creating a risk of liability for consumers who had no legal obligation to pay the debt.

46. The March Letter and the form debt collection letters sent by Defendant to Plaintiff and members of the Class are "communications" as defined by 15 U.S.C. § 1692a(2).

## CLASS ALLEGATIONS

47. Plaintiff brings this action under Rule 23 of the Federal Rules of Civil Procedure on behalf of the following class of persons, subject to modification after discovery and further case development:

> All persons who Defendant sent, or caused to be sent, debt collection letters in the form of Exhibit 'A' to a mailing address located in the State of Florida, during the one-year period prior to the filing of this action.

48. The members of the Class are all identifiable through Defendant's records.

49. Excluded from the Class are Defendant; any entities in which it has a controlling interest; its agents and employees; and any Judge to whom this action is assigned and any member of such Judge's staff and immediate family.

50. Plaintiff proposes that she serve as class representative for the class as she and the members of the Class have all been harmed by Defendant's actions.

51. The members of the Class are so numerous and geographically diverse that joinder of all of them is impracticable.

52. Plaintiff believes and therefore avers, that Defendant has improperly sent collection letters to over forty (40) consumers throughout the State of Florida during the relevant time period.

53. There are questions of law and fact common to Plaintiff and to the members of the Class, including but not limited to:

    a. Whether Defendant's conduct constitutes violations of 15 U.S.C. § 1692e;

    b. Whether Defendant's conduct constitutes violations of 15 U.S.C. § 1692f.

    c. Whether Plaintiff and members of the Class are entitled to statutory damages pursuant to the FDCPA as a result of Defendant's actions;

    d. Whether Plaintiff and members of the Class are entitled to actual damages pursuant to the FDCPA as a result of Defendant's actions;

    e. Whether Plaintiff and members of the Class are entitled to attorney's fees and costs pursuant to the FDCPA; and

    f. Whether Defendant should be enjoined from engaging in such conduct in the future.

54. Plaintiff's claims are typical of the claims of the other members of the Class, and Plaintiff has no interests that are adverse or antagonistic to the interests of the other members of the Class.

55. Plaintiff is an adequate representative of the Class because she will fairly and adequately protect the interests of the Class, and counsel who is experienced in litigation of this nature represent her.

56. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of this controversy.

57. The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation.

## COUNT I
## VIOLATIONS OF 15 U.S.C. § 1692e

58. Defendant violated 15 U.S.C. § 1692e by making false, deceptive or misleading representations to Plaintiff and members of the Class.

59. Defendant created and/or sent Plaintiff, and members of the Class, form debt collection letters referencing American Express; thereby creating a false impression as to their source, authorization or approval.

60. The numerous references to "American Express" in the form debt collection letters are meant to deceive the recipient that the letter was created and/or sent by American Express, when the letters were created and/or sent by Defendant, who is a debt collector.

61. Defendant did not disclose to Plaintiff, and members of the Class, that by making a partial payment on the "offers to settle" they would revive the statute of limitations creating a risk of liability when none existed.

62. As a result of Defendant's aforementioned violations of the FDCPA, Plaintiff suffered damages, including but not limited to, deprivation of information to which she has a legal right, the risk that Plaintiff may pay a debt that she may not otherwise have chosen to pay, the risk that Plaintiff may pay a debt that she is not legally obligated to pay, the risk of creating liability for a time-barred debt, frustration, annoyance and time spent addressing Defendant's illegal debt collection practices.

### COUNT II
### VIOLATIONS OF 15 U.S.C. § 1692e(10)

63. Defendant violated 15 U.S.C. § 1692e(10) by the use of false representations or deceptive means to collect or attempt to collect consumer debts from Plaintiff and members of the Class.

64. Defendant created and sent Plaintiff, and members of the Class, form debt collection letters referencing American Express, thereby creating a false impression as to their source, authorization or approval.

65. The numerous references to "American Express" are meant to deceive the recipient that the letter was created and sent by American Express, when the form debt collection letters were created and/or sent by Defendant, who is a debt collector.

66. Defendant sent deceptive debt collection letters to Plaintiff, and members of the Class, by not disclosing that by making a partial payment on the "offers to settle" they would revive the statute of limitations creating a risk of liability when none existed.

67. As a result of Defendant's aforementioned violations of the FDCPA, Plaintiff suffered damages, including but not limited to, deprivation of information to which she has a legal right, the risk that Plaintiff may pay a debt that she may not otherwise have chosen to pay, the risk that Plaintiff may pay a debt that she is not legally obligated to pay, the risk of creating

liability for a time-barred debt, frustration, annoyance and time spent addressing Defendant's illegal debt collection practices.

## COUNT III
### VIOLATIONS OF 15 U.S.C. § 1692e(11)

68. Defendant violated 15 U.S.C. § 1692e(11) by failing to disclose that the form collection letters sent to Plaintiff, and members of the Class, where from a debt collector.

69. Defendant, who is a debt collector, created and/or sent form debt collection letters to Plaintiff, and members of the Class, using the name American Express.

70. As a result of Defendant's aforementioned violations of the FDCPA, Plaintiff suffered damages, including but not limited to, deprivation of information to which she has a legal right, the risk that Plaintiff may pay a debt that she may not have otherwise chosen to pay, frustration, annoyance and time spent addressing Defendant's illegal debt collection practices.

## COUNT IV
### VIOLATIONS OF 15 U.S.C. § 1692e(14)

71. Defendant violated 15 U.S.C. § 1692e(14) by the use of a business, company, or organization name other than the true name of the debt collector's business, company, or organization.

72. Defendant, who is a debt collector, created and/or sent form debt collection letters to Plaintiff, and members of the Class, using the name American Express.

73. As a result of Defendant's aforementioned violations of the FDCPA, Plaintiff suffered damages, including but not limited to, deprivation of information to which she has a legal right, the risk that Plaintiff may pay a debt that she may not have otherwise chosen to pay, frustration, annoyance and time spent addressing Defendant's illegal debt collection practices.

## COUNT V
### VIOLATIONS OF 15 U.S.C. § 1692f

74. Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect consumer debts from Plaintiff and members of the Class.

75. Defendant created and/or sent Plaintiff, and members of the Class, form debt collection letters referencing American Express, thereby creating a false impression as to their source, authorization or approval.

76. The numerous references to "American Express" are meant to deceive the recipient that the letter was created and sent by American Express, when in fact; the form collection letters were created and sent by Defendant, who is a debt collector.

77. Defendant did not disclose to Plaintiff and members of the Class that by making a partial payment on the "offer to settle" they would revive the statute of limitations creating a risk of liability when none existed.

78. As a result of Defendant's aforementioned violations of the FDCPA, Plaintiff suffered damages, including but not limited to, deprivation of information to which she has a legal right, the risk that Plaintiff may pay a debt that she may have not otherwise chosen to pay, the risk that Plaintiff may pay a debt that she is not legally obligated to pay, the risk of creating liability for a time-barred debt, frustration, annoyance and time spent addressing Defendant's illegal debt collection practices.

## JURY DEMAND

79. Plaintiff and members of the Class are entitled to and respectfully demand a trial by jury on all issues so triable.

## RELIEF REQUESTED

WHEREFORE, Plaintiff, individually and on behalf of all members of the Class, respectfully requests this Court enter judgment against Defendant for all of the following:

a. That the Court certify Plaintiff's claims and all other persons similarly situated as class action claims under Rule 23 of the Federal Rules of Civil Procedure;

b. That Plaintiff and all members of the Class be awarded statutory damages pursuant to the FDCPA;

c. That Plaintiff and all members of the Class be awarded actual damages pursuant to the FDCPA;

d. That Plaintiff and all members of the Class be awarded costs and attorney's fees pursuant to the FDCPA;

e. That the Court enter a judgment permanently enjoining Defendant from violating the FDCPA;

f. That the Court enter a judgment awarding any other injunctive relief necessary to ensure Defendant's compliance with the FDCPA;

g. That the Court enter an order that Defendant and its agents, or anyone acting on their behalf, be immediately restrained from altering, deleting or destroying any documents or records that could be used to identify members of the Class; and

h. Such other and further relief as the Court may deem just and proper.

Date: May 23, 2018

Respectfully submitted,

By: /s/ *Christopher Legg*
Christopher Legg, Esq.
Florida Bar No.: 44460

CHRISTOPHER W. LEGG, P.A.
499 E. Palmetto Park Rd., Ste. 228
Boca Raton, FL 33432
Office: 954-235-3706
Chris@theconsumerlawyers.com

Darren R. Newhart, Esq.
Florida Bar No.: 115546
Darren@cloorg.com

J. Dennis Card Jr., Esq
Florida Bar No.: 0487473
DCard@Consumerlaworg.com

CONSUMER LAW ORGANIZATION, P.A.
721 US Highway 1, Suite 201
North Palm Beach, Florida 33408
Office: (561) 692-6013
Facsimile: (305) 574-0132

*Attorneys for Plaintiff
and the putative class*