# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

CASE NO. 8:18-cv-00718-JSM-CPT

LISA GARZON, individually and on
Behalf of all others similarly situated,

       Plaintiff,

vs.

FIRSTSOURCE ADVANTAGE, LLC
a New York limited liability company,

       Defendant.
_____/

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT FIRSTSOURCE ADVANTAGE, LLC TO PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Defendant Firstsource Advantage, LLC ("Firstsource"), by and through undersigned counsel, hereby submits its Answer and Affirmative Defenses to the First Amended Class Action Complaint and Demand for Jury Trial (the "Complaint") filed by plaintiff Lisa Garzon ("Plaintiff").

## INTRODUCTION

1. Answering Paragraph 1 of the Complaint, Firstsource states that this Paragraph contains no allegations directed towards Firstsource and therefore no response is required. To the extent a response is required, Firstsource states that the publications of the Federal Trade Commission ("FTC") speak for themselves and denies any allegations that are inconsistent therewith.

## JURISDICTION AND VENUE

2. Answering Paragraph 2 of the Complaint, for purposes of this action only, Firstsource does not challenge jurisdiction with respect to Plaintiff's claims for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), but denies any liability to Plaintiff and denies that Plaintiff is entitled to any relief whatsoever from Firstsource and denies that this action may be maintained as a class action.

3. Answering Paragraph 3 of the Complaint, for purposes of this action only, Firstsource does not challenge venue with respect to Plaintiff's claims for alleged violations of the FDCPA, but denies any liability to Plaintiff and denies that Plaintiff is entitled to any relief whatsoever from Firstsource.

4. Answering Paragraph 4 of the Complaint, for purposes of this action only, Firstsource does not challenge jurisdiction with respect to Plaintiff's claims for alleged violations of the FDCPA, but denies any liability to Plaintiff and denies that Plaintiff is entitled to any relief whatsoever from Firstsource and denies that this action may be maintained as a class action.

## PARTIES

5. Answering Paragraph 5 of the Complaint, Firstsource admits, based on information and belief, the allegations contained therein.

6. Answering Paragraph 6 of the Complaint, Firstsource states that 15 U.S.C. § 1692a(3) speaks for itself, and Firstsource denies any allegations that are inconsistent therewith. Firstsource further states that this paragraph calls for a legal conclusion to which no response is required. To the extent a further response is required, Firstsource at this time lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 and, on that basis, denies the allegations contained therein.

7. Answering Paragraph 7 of the Complaint, Firstsource admits that it is a New York limited liability company with an office located in Amherst, New York. Except as expressly stated, Firstsource denies the allegations contained in Paragraph 7.

8. Answering Paragraph 8 of the Complaint, Firstsource admits the allegations contained therein.

9. Answering Paragraph 9 of the Complaint, Firstsource admits the allegations contained therein.

10. Answering Paragraph 10 of the Complaint, Firstsource admits the allegations contained therein.

11. Answering Paragraph 11 of the Complaint, Firstsource admits the allegations contained therein.

12. Answering Paragraph 12 of the Complaint, Firstsource states that 15 U.S.C. § 1692a(6) speaks for itself, and Firstsource denies any allegations that are inconsistent therewith. Firstsource further states that this Paragraph calls for a legal conclusion to which no response is required.

## APPLICABLE LAW

### I. Fair Debt Collection Practices Act

13. Answering Paragraph 13 of the Complaint, Firstsource states that this Paragraph contains no allegations directed towards Firstsource and therefore no response is required. To the extent a response is required, Firstsource states that 15 U.S.C. § 1692 speaks for itself and denies any allegations that are inconsistent therewith.

14. Answering Paragraph 14 of the Complaint, Firstsource states that this Paragraph contains no allegations directed towards Firstsource and therefore no response is required. To

the extent a response is required, Firstsource states that 15 U.S.C. § 1692e speaks for itself and denies any allegations that are inconsistent therewith.

15. Answering Paragraph 15 of the Complaint, Firstsource states that this Paragraph contains no allegations directed towards Firstsource and therefore no response is required. To the extent a response is required, Firstsource states that 15 U.S.C. § 1692f speaks for itself and denies any allegations that are inconsistent therewith.

16. Answering Paragraph 16 of the Complaint, Firstsource states that this Paragraph contains no allegations directed towards Firstsource and therefore no response is required. To the extent a response is required, Firstsource states that 15 U.S.C. § 1692k speaks for itself and denies any allegations that are inconsistent therewith.

17. Answering Paragraph 17 of the Complaint, Firstsource states that this Paragraph contains no allegations directed towards Firstsource and therefore no response is required. To the extent a response is required, Firstsource states that 15 U.S.C. § 1692(a)(3) speaks for itself and denies any allegations that are inconsistent therewith.

18. Answering Paragraph 18 of the Complaint, Firstsource states that this Paragraph contains no allegations directed towards Firstsource and therefore no response is required. To the extent a response is required, Firstsource states that 15 U.S.C. § 1692(a)(5) speaks for itself and denies any allegations that are inconsistent therewith.

19. Answering Paragraph 19 of the Complaint, Firstsource states that this Paragraph contains no allegations directed towards Firstsource and therefore no response is required. To the extent a response is required, Firstsource states that 15 U.S.C. § 1692a(6) speaks for itself and denies any allegations that are inconsistent therewith.

LA 52178474v5

20. Answering Paragraph 20 of the Complaint, Firstsource states that this Paragraph contains no allegations directed towards Firstsource and therefore no response is required. To the extent a response is required, Firstsource states that Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985) speaks for itself and denies any allegations that are inconsistent therewith.

## FACTUAL ALLEGATIONS

21. Answering Paragraph 21 of the Complaint, Firstsource admits that the debt in question stems from Plaintiff's American Express credit card account. Firstsource further states that it is without sufficient information to form a belief as to whether Plaintiff or the members of the purported class used their respective credit cards for personal, family or household uses and, on this basis, denies the allegation.

22. Answering Paragraph 22 of the Complaint, Firstsource admits the allegations contained therein.

23. Answering Paragraph 23 of the Complaint, Firstsource denies the allegations contained therein.

24. Answering Paragraph 24 of the Complaint, Firstsource admits that, at times and in compliance with applicable laws and regulations, it attempts to secure repayment of debts owed to others and that, at times, debtors pay all or part of the amounts owed as a result of Firstsource's efforts. Except as expressly stated herein, Firstsource denies the allegations contained in Paragraph 24.

25. Answering Paragraph 25 of the Complaint, Firstsource admits the allegations contained therein.

26. Answering Paragraph 26 of the Complaint, Firstsource admits the allegations contained therein.

LA 52178474v5

27. Answering Paragraph 27 of the Complaint, Firstsource admits that, in compliance with applicable laws and regulations, it sent correspondence to Plaintiff in an attempt to contact Plaintiff and secure repayment of Plaintiff's outstanding, delinquent debt on Plaintiff's American Express credit card account ending in 92003 (the "Account"). Except as expressly stated herein, Firstsource denies the allegations contained in Paragraph 27.

28. Answering Paragraph 28 of the Complaint, Firstsource denies the allegations contained therein.

29. Answering Paragraph 29 of the Complaint, Firstsource denies the allegations contained therein.

30. Answering Paragraph 30 of the Complaint, Firstsource states that the letter dated March 2, 2018 attached to the Complaint as Exhibit A (the "March Letter") speaks for itself and denies any allegations inconsistent therewith. Except as expressly stated herein, Firstsource denies the allegations contained in Paragraph 30.

31. Answering Paragraph 31 of the Complaint, Firstsource states that the March Letter speaks for itself and denies any allegations inconsistent therewith. Except as expressly stated herein, Firstsource denies the allegations contained in Paragraph 31.

32. Answering Paragraph 32 of the Complaint, Firstsource states that the March Letter speaks for itself and denies any allegations inconsistent therewith. Except as expressly stated herein, Firstsource denies the allegations contained in Paragraph 32.

33. Answering Paragraph 33 of the Complaint, Firstsource states that the March Letter speaks for itself and denies any allegations inconsistent therewith. Except as expressly stated herein, Firstsource denies the allegations contained in Paragraph 33.

LA 52178474v5

34. Answering Paragraph 34 of the Complaint, Firstsource lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

35. Answering Paragraph 35 of the Complaint, Firstsource denies the allegations contained therein.

36. Answering Paragraph 36 of the Complaint, Firstsource states that the March Letter speaks for itself and denies any allegations inconsistent therewith.

37. Answering Paragraph 37 of the Complaint, Firstsource denies the allegations contained therein.

38. Answering Paragraph 38 of the Complaint, Firstsource lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 and, on that basis, denies the allegations contained therein.

39. Answering Paragraph 39 of the Complaint, Firstsource states that this paragraph contains no allegations directed toward Firstsource and, therefore, Firstsource neither admits nor denies the allegations contained therein. To the extent a further response is required, Firstsource at this time lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 and, on that basis, denies the allegations contained therein.

40. Answering Paragraph 40 of the Complaint, Firstsource denies the allegations contained therein.

41. Answering Paragraph 41 of the Complaint, Firstsource denies the allegations contained therein.

LA 52178474v5

42. Answering Paragraph 42 of the Complaint, Firstsource denies the allegations contained therein.

43. Answering Paragraph 43 of the Complaint, Firstsource states that this Paragraph contains irrelevant information to which no response is required. To the extent a response is required, Firstsource states that any allegations made against it in another action are inadmissible in this action. To the extent a further response is required, Firstsource states that the allegations made against it in any other action speak for themselves and denies any allegations inconsistent therewith. Firstsource otherwise denies the allegations contained in Paragraph 43.

44. Answering Paragraph 44 of the Complaint, Firstsource denies the allegations contained therein.

45. Answering Paragraph 45 of the Complaint, Firstsource denies the allegations contained therein.

46. Answering Paragraph 46 of the Complaint, Firstsource denies that it sent the March Letter. Firstsource further states that 15 U.S.C. § 1692a(2) speaks for itself and denies any allegations inconsistent therewith. Firstsource further states that this paragraph calls for a legal conclusion to which no response is required.

## CLASS ALLEGATIONS

47. Answering Paragraph 47 of the Complaint, Firstsource admits that Plaintiff purports to bring this class action under Rule 23 of the Federal Rules of Civil Procedure but denies that class treatment is appropriate in this action.

48. Answering Paragraph 48 of the Complaint, Firstsource denies the allegations contained therein.

LA 52178474v5

49. Answering Paragraph 49 of the Complaint, Firstsource admits that Plaintiff purports to assert her claim on behalf of a class, excluding Firstsource, any entities in which it has a controlling interest, its agents and employees and any judge assigned to this action and any member of such Judge's staff and immediate family, but Firstsource denies that class treatment is appropriate in this action.

50. Answering Paragraph 50 of the Complaint, Firstsource admits that Plaintiff proposes to serve as class representative, but denies that Plaintiff is an adequate representative of the putative class and that either she or the putative class have been harmed in any way as alleged in the Complaint.

51. Answering Paragraph 51 of the Complaint, Firstsource denies the allegations contained therein.

52. Answering Paragraph 52 of the Complaint, Firstsource denies the allegations contained therein.

53. Answering Paragraph 53 of the Complaint, including Paragraph 53 a through f, Firstsource denies the allegations contained therein.

54. Answering Paragraph 54 of the Complaint, Firstsource denies the allegations contained therein.

55. Answering Paragraph 55 of the Complaint, Firstsource denies the allegations contained therein.

56. Answering Paragraph 56 of the Complaint, Firstsource denies the allegations contained therein.

57. Answering Paragraph 57 of the Complaint, Firstsource denies the allegations contained therein.

LA 52178474v5

## COUNT I
## VIOLATIONS OF 15 U.S.C. § 1692E

58. Answering Paragraph 58 of the Complaint, Firstsource denies the allegations contained therein.

59. Answering Paragraph 59 of the Complaint, Firstsource denies the allegations contained therein.

60. Answering Paragraph 60 of the Complaint, Firstsource denies the allegations contained therein.

61. Answering Paragraph 61 of the Complaint, Firstsource denies the allegations contained therein.

62. Answering Paragraph 62 of the Complaint, Firstsource denies the allegations contained therein

## COUNT II
## VIOLATIONS OF 15 U.S.C. § 1692E(10)

63. Answering Paragraph 63 of the Complaint, Firstsource denies the allegations contained therein.

64. Answering Paragraph 64 of the Complaint, Firstsource denies the allegations contained therein.

65. Answering Paragraph 65 of the Complaint, Firstsource denies the allegations contained therein.

66. Answering Paragraph 66 of the Complaint, Firstsource denies the allegations contained therein.

67. Answering Paragraph 67 of the Complaint, Firstsource denies the allegations contained therein.

LA 52178474v5

## COUNT III
## VIOLATIONS OF 15 U.S.C. § 1692E(11)

68. Answering Paragraph 68 of the Complaint, Firstsource denies the allegations contained therein.

69. Answering Paragraph 69 of the Complaint, Firstsource denies the allegations contained therein.

70. Answering Paragraph 70 of the Complaint, Firstsource denies the allegations contained therein.

## COUNT IV
## VIOLATIONS OF 15 U.S.C. § 1692E(14)

71. Answering Paragraph 71 of the Complaint, Firstsource denies the allegations contained therein.

72. Answering Paragraph 72 of the Complaint, Firstsource denies the allegations contained therein.

73. Answering Paragraph 73 of the Complaint, Firstsource denies the allegations contained therein.

## COUNT V
## VIOLATIONS OF 15 U.S.C. § 1692F

74. Answering Paragraph 74 of the Complaint, Firstsource denies the allegations contained therein.

75. Answering Paragraph 75 of the Complaint, Firstsource denies the allegations contained therein.

76. Answering Paragraph 76 of the Complaint, Firstsource denies the allegations contained therein.

77. Answering Paragraph 77 of the Complaint, Firstsource denies the allegations contained therein.

78. Answering Paragraph 78 of the Complaint, Firstsource denies the allegations contained therein.

**JURY DEMAND**

79. Answering Paragraph 79 of the Complaint, Firstsource acknowledges that Plaintiff has requested a trial by jury.

**RELIEF REQUESTED**

80. Answering sub-paragraph a under the heading "RELIEF REQUESTED," Firstsource denies that it violated the FDCPA, that Plaintiff is entitled to any relief whatsoever and denies that class treatment is appropriate in this action.

81. Answering sub-paragraph b under the heading "RELIEF REQUESTED," Firstsource denies any liability to Plaintiff, denies that class treatment is appropriate in this action, and denies that Plaintiff is entitled to statutory damages pursuant to the FDCPA.

82. Answering sub-paragraph c under the heading "RELIEF REQUESTED," Firstsource denies any liability to Plaintiff, denies that class treatment is appropriate in this action, and denies that Plaintiff is entitled to actual damages pursuant to the FDCPA.

83. Answering sub-paragraph d under the heading "RELIEF REQUESTED," Firstsource denies any liability to Plaintiff, denies that class treatment is appropriate in this action, and denies that Plaintiff is entitled to costs and attorney's fees pursuant to the FDCPA.

84. Answering sub-paragraph e under the heading "RELIEF REQUESTED," Firstsource denies any liability to Plaintiff and denies that Plaintiff is entitled to a judgment enjoining Firstsource pursuant to the FDCPA.

85. Answering sub-paragraph f under the heading "RELIEF REQUESTED," Firstsource denies any liability to Plaintiff and denies that Plaintiff is entitled to a judgment or any injunctive relief from Firstsource pursuant to the FDCPA.

86. Answering sub-paragraph g under the heading "RELIEF REQUESTED," Firstsource denies any liability to Plaintiff, denies that class treatment is appropriate in this action, and acknowledges is duty to preserve evidence under the Federal Rules of Civil Procedure and denies that Plaintiff is entitled to any further relief.

87. Answering sub-paragraph h under the heading "RELIEF REQUESTED," Firstsource denies any liability to Plaintiff and denies that Plaintiff is entitled to any relief whatsoever from Firstsource.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof where it otherwise lies with Plaintiff, Firstsource asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE
(Standing – General)

88. The claims of Plaintiff, and/or any person she purports to represent, are barred, in whole or in part, because Plaintiff, and/or any person she purports to represent, lacks standing to pursue her claims, or those of any person she purports to represent.

### SECOND AFFIRMATIVE DEFENSE
(Failure to Mitigate)

89. To the extent that Plaintiff, and/or any person she purports to represent, has suffered any damages as a result of the matters alleged in the Complaint, which Firstsource denies, Plaintiff, and/or any person she purports to represent, has failed to mitigate those damages and the claims therefore are barred, in whole or in part.

### THIRD AFFIRMATIVE DEFENSE
### (Waiver and Estoppel)

90. The Complaint is barred, in whole or in part, by the conduct, actions and inactions of Plaintiff, and/or any person she purports to represent, which amount to and constitute a waiver and/or estoppel of the claims and any relief sought thereby.

### FOURTH AFFIRMATIVE DEFENSE
### (Ratification)

91. Plaintiff, and/or any person she purports to represent, ratified the conduct alleged in the Complaint and therefore is barred from recovery against Firstsource.

### FIFTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

92. The Complaint is barred, in whole or in part, by the conduct, actions and inactions of Plaintiff, and/or any person she purports to represent, under the doctrine of unclean hands.

### SIXTH AFFIRMATIVE DEFENSE
### (Commercially Reasonable and Lawful Conduct)

93. At all relevant times, Firstsource acted in a commercially reasonable and lawful manner.

### SEVENTH AFFIRMATIVE DEFENSE
### (Bona Fide Error)

94. Firstsource may not be held liable pursuant to the bona fide error defense contained in the Fair Debt Collection Practices Act, 15 U.S.C. §1692k(c).

### EIGHTH AFFIRMATIVE DEFENSE
### (Reservation of Rights)

95. Firstsource expressly reserves its right to assert such other and further affirmative defenses as may be appropriate.

### PRAYER

WHEREFORE, Firstsource prays as follows:

1. That Plaintiff take nothing by virtue of this action;

2. That the Complaint be dismissed with prejudice;

3. That judgment be entered against Plaintiff and in favor of Firstsource;

4. That Firstsource be awarded its attorneys' fees and costs incurred herein; and

5. That the Court award any other and further relief it deems just and proper.

Dated: June 13, 2018  By: /s/ *Alisa M. Taormina*
Brian C. Frontino
Florida Bar No. 95200
Alisa M. Taormina
Florida Bar No. 070848
STROOCK & STROOCK & LAVAN LLP
200 South Biscayne Boulevard, Suite 3100
Miami, Florida 33131
Telephone: (305) 358-9900
Facsimile: (305) 789-9302
bfrontino@stroock.com
ataormina@stroock.com
lacalendar@stroock.com

Attorneys for Defendant
*Firstsource Advantage, LLC*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served via the Court's CM/ECF system on the following counsel of record on June 13, 2018, to the following:

| | |
|---|---|
| Christopher W. Legg, Esq. | J. Dennis Card Jr., Esq. |
| chris@theconsumerlawyers.com | dcard@consumerlaworg.com |
| Darren R. Newhart, Esq. | Consumer Law Organization, P.A. |
| Darren@cloorg.com | 721 US Highway 1, Suite 201 |
| Christopher W. Legg, P.A. | North Palm Beach, FL  33408 |
| 499 E. Palmetto Park Rd., Suite 228 | Telephone: (561) 692-6013 |
| Boca Raton, FL  33432 | Facsimile: (305) 574-0132 |
| Telephone: (954) 235-3706 | |
| *Counsel for Plaintiff* | *Counsel for Plaintiff* |

                                                    */s/ Alisa M. Taormina*
                                                  Alisa M. Taormina