**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

CASE NO. 8:18-cv-00718-JSM-CPT

LISA GARZON, individually and on
Behalf of all others similarly situated,

        Plaintiff,

vs.

FIRSTSOURCE ADVANTAGE, LLC
a New York limited liability company,

        Defendant.
_____/

## MOTION OF AMERICAN EXPRESS NATIONAL BANK TO INTERVENE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 24

Pursuant to Federal Rule of Civil Procedure 24(a)(2), American Express National Bank ("American Express") moves to intervene and states:

### I.     INTRODUCTION

In this action, plaintiff Lisa Garzon ("Plaintiff") asserts various claims against defendant Firstsource Advantage, LLC ("Firstsource"), arising from a letter American Express, <u>not</u> Firstsource, sent Plaintiff to settle her delinquent American Express credit card account (the "Account"). Plaintiff, however, erroneously contends that it was Firstsource who sent Plaintiff the settlement offer letter, yet on American Express letterhead, without disclosing that the letter was from Firstsource, thereby violating the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 <u>et seq.</u> (the "FDCPA"). According to Plaintiff, Firstsource

used the American Express logo to "instill" in Plaintiff that American Express actually sent the letter when it did not.

While not named as a defendant in this action, American Express disputes the validity of Plaintiff's claims and maintains that its own letter properly identified itself as the sender. Indeed, it was American Express's direct offer to Plaintiff to settle her American Express credit card account for less that the full balance Plaintiff owed.  Regardless, Plaintiff indisputably agreed to arbitrate all claims related to her American Express account, including those asserted against Firstsource, pursuant to the arbitration provision (the "Arbitration Agreement") in her American Express Cardmember Agreement.  Plaintiff's challenge to American Express's settlement offer letter on her American Express account plainly is within the broad scope of the Arbitration Agreement.

By this motion, American Express seeks an order allowing it to intervene so that the dispute among Plaintiff, American Express and Firstsource may be resolved by binding arbitration, pursuant to the express terms of the Arbitration Agreement.[1]  American Express may intervene as of right because this Motion is timely, American Express has a significant

---

[1] Pursuant to Rule 24(c), American Express attaches as Exhibit 1 its Motion to Compel Arbitration.  District courts conclude that attaching a motion to compel arbitration to a motion to intervene is sufficient to satisfy the Rule 24(c) pleading requirement. See U.S. ex rel. Frank M. Sheesley Co. v. St. Paul Fire & Marine Ins. Co., 239 F.R.D. 404, 413 (W.D. Pa. 2006) ("The Court thus finds that it has the authority to employ its discretion and consider a motion to intervene that contains no pleading, but instead includes a motion to compel arbitration and stay the proceedings."); Pro Lawns, Inc. v. Fidelity & Deposit Co. of Md., No. 3:14-cv-408-WKW, 2015 WL 350637, at *3 (M.D. Ala. Jan. 23, 2015) (finding motion to compel acceptable because it was "apparent that [the proposed intervenor] intends to intervene in order to compel arbitration" and was therefore "excused from attach[ing] a ['true'] pleading to its motion to intervene").

protectable interest in the matter that may be impaired by disposition of the action in American Express's absence and its interests are not adequately represented by Firstsource.

Accordingly, American Express respectfully requests that the Court enter an order allowing it to intervene in this action.

## II.   BACKGROUND

Plaintiff filed her Complaint against Firstsource on March 26, 2018 (ECF No. 1), and filed her Amended Complaint on May 23, 2018 (ECF No. 10).  Plaintiff alleges that she received a collection letter dated March 2, 2018, <u>on American Express letterhead</u>, offering to settle her American Express Account for 45% of the balance owed (the "Letter").  (Am. Compl. ¶ 28 & Ex. A.)  Plaintiff asserts that, as of the date that she received the Letter, Plaintiff "bore no legal responsibility to pay the debt and could face no legal exposure by not paying."  (<u>Id.</u> ¶ 29.)  Notwithstanding that the letter is on American Express letterhead, contains the American Express logo and indicates it is from American Express's Global Collections department, Plaintiff alleges that it was actually sent by Firstsource.  (<u>Id.</u> ¶ 42 & Ex. A.)  Plaintiff claims that, by improperly using American Express's letterhead, Firstsource "meant to instill in the recipient that the letter was actually sent by [American Express]" and sends such letters which appear to be from American Express "in order to avoid compliance with Federal and State consumer protection laws."  (<u>Id.</u> ¶¶ 41, 42.)  On this basis, Plaintiff asserts claims against Firstsource for violation of the FDCPA.  Firstsource filed its answer and affirmative defenses on June 13, 2018.  (ECF No. 17.)

## III.   ARGUMENT

Federal Rule of Civil Procedure 24 provides for intervention as of right as follows:

>   (a) Intervention of Right.  On timely motion, the court must permit anyone to intervene who:
>
>   (1) is given an unconditional right to intervene by a federal statute; or
>
>   (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

The Eleventh Circuit instructs parties seeking to intervene pursuant to Rule 24(a)(2) to show that:  (1) their application to intervene is timely; (2) they have an interest relating to the property or transaction that is the subject of the action; (3) they are so situated that disposition of the action, as a practical matter, may impede or impair their ability to protect that interest; and (4) their interest is represented inadequately by the existing parties to the suit.  Tech. Training Assocs., Inc. v. Buccaneers Ltd. P'ship, 874 F.3d 692, 695-696 (11th Cir. 2017).  The Eleventh Circuit further instructs that "[a]ny doubt concerning the propriety of allowing intervention should be resolved in favor of the proposed intervenors because it allows the court to resolve all related disputes in a single action."  Fed. Sav. & Loan Ins. Corp. v. Falls Chase Special Taxing Dist., 983 F.2d 211, 216 (11th Cir. 1993).  "Once a party establishes all prerequisites to intervention, the trial court has no discretion to deny the intervention."  Loyd v. Alabama Dept. of Corrections, 176 F.3d 1336, 1340-41 (11th Cir. 1999) (citations omitted).  American Express satisfies all prerequisites to intervention and, accordingly, American Express must be permitted to intervene here.

   **A.   American Express's Motion To Intervene Is Timely.**

When assessing timeliness under FRCP 24(a), the court considers:  (1) the length of time during which the would-be intervenor knew or reasonably should have known of his

interest in the case before he petitioned for leave to intervene; (2) the extent of prejudice to the existing parties as a result of the would-be intervenor's failure to apply as soon as he knew or reasonably should have known of his interest; (3) the extent of prejudice to the would-be intervenor if his motion is denied; and (4) the existence of any unusual circumstances militating either for or against a determination that the application is timely. Howard v. McLucas, 782 F.2d 956, 959 (11th Cir. 1986) (citing U.S. v. Jefferson Cty., 720 F.2d 1511, 1516 (11th Cir. 1983)).

      The instant Motion is filed shortly after commencement of this Action. Plaintiff filed her Complaint on March 26, 2018, and only filed her Amended Complaint on May 23, 2018, and Firstsource only answered the Amended Complaint on June 13, 2018. The parties submitted their Case Management Report on June 12, 2018 (ECF No. 13), and the Court entered its Case Management and Scheduling Order on June 13, 2018 (ECF No. 15). Notably, this Motion is filed long before the September 28, 2018 deadline to join additional parties. Moreover, no party has yet responded to discovery, nor have any depositions been taken. This very early stage of the proceedings strongly supports a finding of timeliness. Indeed, courts have found longer periods timely, including where the proceedings were much further advanced. See, e.g., Nat'l Parks Conservation Ass'n v. U.S. Dept. of Interior, No. 2:12-cv-579-FtM-29SPC, 2012 WL 1432479, at *2 (M.D. Fla. April 25, 2012) ("[a] motion to intervene within seven months of the original complaint's filing is timely"); SEC v. Founding Partners Capital Mgmt. Co., No. 2:09-cv-229-FtM-29DNF, 2009 WL 10671823, at *1 (M.D. Fla. Aug. 28, 2009) (finding a motion to intervene submitted four months after complaint was filed was timely); Georgia v. U.S. Army Corps of Eng'r, 302 F.3d 1242,

1259-60 (11th Cir. 2002) (finding motion to intervene timely when filed six months after learning of the case, discovery was largely complete and the parties had agreed upon a schedule for briefing of the case).

Plaintiff also will not suffer any prejudice through American Express's intervention because no issues have yet been adjudicated. See Danner Constr. Co., Inc. v. Hillsborough Cty., No. 809-CV-650-T-17TBM, 2009 WL 2525486, at *3 (M.D. Fla. Aug. 17, 2009) (finding no prejudice to plaintiff where motion to intervene was filed at the "early stages of the lawsuit"). American Express, on the other hand, will suffer prejudice if the Motion is denied, as set forth below. Accordingly, the Court should deem the Motion timely.

**B.  American Express Has A Protectable Interest Relating To The Transaction At Issue.**

"[A] party is entitled to intervention as a matter of right if the party's interest in the subject matter of the litigation is direct, substantial and legally protectable." Georgia, 302 F.3d at 1249. To determine whether a proposed intervenor possesses the requisite interest for intervention, courts look to the subject matter of the litigation. Id. at 1249. The proposed intervenor's interests, however, need not be of a legal nature identical to that of the claims asserted in the main action. Id.

American Express's interest in the subject matter of the litigation is clear on the face of Plaintiff's Amended Complaint and the Exhibit attached thereto. American Express contends that there is no merit to Plaintiff's claims; however, there can be no doubt that even the allegation that a vendor, like Firstsource, improperly used American Express's tradename is of substantial interest to American Express.

Additionally, American Express has a significantly protectable interest in requiring the arbitration of claims asserted against third-party vendors such as Firstsource.  Plaintiff expressly agreed to arbitrate claims against third-party vendors, including the claims at issue here.  By asserting claims against Firstsource in litigation rather than in arbitration, Plaintiff is significantly interfering with American Express's right to have those claims arbitrated.  American Express therefore should be permitted to intervene and enforce its contractual right to have Plaintiff's claims arbitrated.  Thus, American Express has a significantly protectable interest in this action.

### C. American Express's Ability To Protect Its Interests May Be Impeded Or Impaired By Disposition Of This Action.

The Court must next consider whether allowing the action to proceed without American Express would impair American Express's ability to protect its interests.  In this regard, "[a]ll that is required under Rule 24(a)(2) is that the would-be intervenor be practically disadvantaged by his exclusion from the proceedings." Omni Healthcare, Inc., et al. v. Health First, Inc., et al., No. 6:13-cv-1509-Orl-37DCI, 2017 WL 9398638, at *7 (M.D. Fla. July 28, 2017) (citing Huff v. Comm'r of IRS, 743 F.3d 790, 800 (11th Cir. 2014)).

An adverse decision on the merits in this action could substantially impair American Express's interests because American Express has a direct interest in Plaintiff's American Express account, in collecting on that account and in establishing that American Express properly communicated in its own name with Plaintiff.  An adverse decision on Plaintiff's claims against Firstsource under the FDCPA would potentially impact American Express's ability to settle Plaintiff's and other cardmembers' American Express card accounts and impact American Express's business and contractual relationships with its third-party

vendors, including Firstsource. These practical considerations are essential to the Court's inquiry on this element.

Further, American Express's interest in requiring arbitration of claims asserted against its third-party vendors such as Firstsource would be impaired absent intervention. As discussed above, Plaintiff expressly agreed to arbitrate claims that in any way relate to her American Express account, including those against third-party vendors, like those she asserts against Firstsource. Allowing Plaintiff to assert claims against Firstsource in litigation rather than in arbitration would impair American Express's right to have those claims arbitrated.

### D. American Express's Interest Is Not Adequately Represented By The Parties To This Action.

The final criterion -- that a prospective intervenor's interest will not be adequately represented by the existing parties -- also is readily satisfied. <u>Trbovich v. U.S. Mine Workers of Am.</u>, 404 U.S. 528, 538 n.10 (1972) (citations omitted); <u>see also</u> <u>Georgia v. U.S. Army Corps of Eng'rs</u>, 302 F.3d 1242, 1255-56 (11th Cir. 2002) ("The proposed intervenor has the burden of showing that the existing parties cannot adequately represent its interest, but this burden is 'treated as minimal.'" (citations omitted)). The inadequate representation requirement is satisfied so long as the intervenor has a distinguishable interest in the matter, even if the interest is related to interests shared by other parties in the action. <u>Trbovich</u>, 404 U.S. at 538-39. Here, Firstsource does not adequately represent American Express's interests.

<u>First</u>, American Express has an interest in preserving its right to communicate and settle its accounts with its cardmembers. Firstsource has an interest in collecting debts and providing services to American Express in compliance with the FDCPA, but these are

different interests.  Likewise, American Express's interest in obtaining settlements with its cardmembers obviously differs from, as Plaintiff alleges, Firstsource's supposed interest in sending letters on American Express letterhead in an effort to deceive cardmembers into believing that American Express was attempting to collect its own debts and to purportedly avoid compliance with Federal and state laws.

Second, American Express has an interest in requiring arbitration of claims related to its accounts, including those asserted against third-party vendors such as Firstsource.  In Atlantic Refinishing & Restoration, Inc. v. Travelers Cas. and Sur. Co. of Am., 272 F.R.D. 26 (D.D.C. 2010), a subcontractor on a government-funded restoration project brought an action against the general contractor's surety, alleging it did not receive full compensation under its subcontract with the general contractor.  See id. at 27-28.  The general contractor moved to intervene, arguing that its interests were not adequately represented by the defendant surety because the subcontract, to which the surety was not a party, contained a mandatory arbitration clause.  Id. at 28.  The court agreed intervention of right was appropriate: "special circumstances exist here due to the [general contractor's] intention to enforce the subcontract's arbitration clause.  The [general contractor] has been candid about its intention, if allowed to intervene, to move this court to require the plaintiff to arbitrate this suit as purportedly required by their subcontract."  Id. at 30.

Similarly, American Express's contractual right to compel Plaintiff to arbitrate her claims is not adequately represented by Firstsource, a non-party to the Arbitration Agreement.

LA 52192308

## COMPLIANCE WITH LOCAL RULE 3.01(G)

Pursuant to Local Rule 3.01(g), undersigned counsel certifies that on August 6, 2018, she conferred with Plaintiff's counsel regarding the relief sought in this Motion, and that Plaintiff opposes the requested relief.

### IV.     CONCLUSION

For the foregoing reasons, American Express respectfully requests that the Court grant this Motion and enter an order allowing American Express to intervene as a defendant in this action.

Dated:  August 7, 2018.                                   Respectfully submitted,

                                      By:     /s/  *Alisa M. Taormina*
                                              Brian C. Frontino
                                              Florida Bar No. 95200
                                              Alisa M. Taormina
                                              Florida Bar No. 070848
                                              STROOCK & STROOCK & LAVAN LLP
                                              200 South Biscayne Boulevard, Suite 3100
                                              Miami, Florida 33131
                                              Telephone:  (305) 358-9900
                                              Facsimile:  (305) 789-9302
                                              bfrontino@stroock.com
                                              ataormina@stroock.com
                                              lacalendar@stroock.com

                                              Attorneys for Defendant
                                                    *Firstsource Advantage, LLC*

LA 52192308

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served via the Court's CM/ECF system on the following counsel of record on August 7, 2018, to the following:

| | |
|---|---|
| Christopher W. Legg, P.A.<br>Christopher W. Legg, Esq.<br>chris@theconsumerlawyers.com<br>Darren R. Newhart, Esq.<br>Darren@cloorg.com<br>499 E. Palmetto Park Rd., Suite 228<br>Boca Raton, FL  33432<br>Telephone: (954) 235-3706 | Consumer Law Organization, P.A.<br>J. Dennis Card Jr., Esq.<br>dcard@consumerlaworg.com<br>721 US Highway 1, Suite 201<br>North Palm Beach, FL  33408<br>Telephone: (561) 692-6013<br>Facsimile: (305) 574-0132 |
| *Counsel for Plaintiff* | *Counsel for Plaintiff* |

*/s/ Alisa M. Taormina*
Alisa M. Taormina

LA 52192308