# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

CASE NO.: 8:18-cv-718-T-30CPT

LISA GARZON, individually and on
behalf of all others similarly situated,

      Plaintiff,

-vs-

FIRSTSOURCE ADVANTAGE, LLC,
a New York limited liability company,

      Defendant.

_____/

**CLASS ACTION**
**JURY DEMAND**

## PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

Plaintiff, Lisa Garzon ("Plaintiff"), individually and on behalf of all others similarly situated, by and through undersigned counsel, pursuant to Rule 15 of the Federal Rules of Civil Procedure, hereby files her Motion for Leave to File a Second Amended Complaint and Incorporated Memorandum of Law with this Honorable Court and in support thereof states as follows:

### Factual Background and Procedural History

On March 26, 2018 Plaintiff filed her Complaint [D.E. 1] in this matter for alleged violations of the Fair Debt Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") by Defendant, Firstsource Advantage, LLC ("Defendant"). On May 23, 2018 Plaintiff amended her Complaint as a matter of right. [D.E. 10]. Plaintiff alleged in both the Complaint and the First Amended Complaint that Defendant sent her and thousands of consumers in Florida debt collection letters masquerading as American Express.

Evidence has arisen and been developed through discovery that supports the instant motion to amend. Plaintiff has become aware that Defendant may have not sent the subject debt collection letters to Plaintiff and members of the Class as previously alleged. However, Plaintiff now wishes to amend in order to allege that because Defendant performed actions that were so intertwined with the production of the subject debt collection letters and was intimately involved in the overall debt collection process driven by the subject collection letters, its actions constitute debt collection activity. Plaintiff seeks to amend the First Amended Complaint, primarily, to assert amended allegations regarding Defendant's aforementioned debt collection activities, to amend the class definition, and to amend certain counts.

## MEMORANDUM OF LAW

### I.     *Legal Standard*

When evaluating whether to grant a motion to amend, "the court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The decision to grant an amendment is within the sole discretion of the Court and the Supreme Court has held that "if the underlying facts or circumstances relied upon by a plaintiff may be a proper subject for relief, he or she ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182-83 (1962). Denial of this opportunity requires a finding of "undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." *Id.; see also Hargatt v. Valley Fed. Savings Bank*, 60 F. 3d 754, 761 (11th Cir. 1995). Granting of the motion currently before the Court would be harmonious with Federal Rules of Civil Procedure 15 and 16, as well as the opinions handed down from the Supreme Court. There exists an ample basis for the Court to grant Plaintiff's Motion.

## II.    _Analysis_

When evaluating Plaintiff's Motion to Amend, the Court will find the request free of any of the "substantial reasons" for denial. _Forman_, at 182, 83. The Motion to Amend is made in good faith based on information obtained during the discovery process and will not prejudice Defendant. The proposed amendment comes early in the litigation process and Defendant has not expended unreasonable time and costs thus far in the instant action. Plaintiff's proposed Second Amended Complaint is attached hereto as Exhibit 'A.'

It has been held that a Defendant is not prejudiced, in any way, by amending the complaint to properly reflect the Plaintiff's claims. _See Lorentz v. Sunshine Health Products, Inc_. 2010 WL 1856265 (S.D. Fla. 2010). As the Second Amended Complaint relies on facts and circumstances, which may be a proper subject of relief and are viable claims under the FDCPA, Plaintiff should be afforded the opportunity to test the claims against Defendant on the merits.

## III.    _Compliance with Local Rules_

In accordance with Middle District of Florida Local Rule 3.01(g), the undersigned counsel communicated with Counsel for the Defendant who opposes the relief sought in the instant motion.

WHEREFORE, the Plaintiff respectfully requests that the Honorable Court grant the Plaintiff's Motion for Leave to File a Second Amended Complaint and any other relief deemed proper.

Respectfully submitted,

/s/ _Christopher Legg_
Christopher Legg, Esq.
Florida Bar No. 44460

CHRISTOPHER W. LEGG, P.A.
499 E. Palmetto Park Rd., Ste. 228
Boca Raton, FL 33432
Office: 954-962-2333

Chris@theconsumerlawyers.com

*Attorney for Plaintiff*
*and the putative Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 28, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this date via U.S. mail and/ or some other authorized manner for those counsel or parties, if any, who are not authorized to receive electronically Notices of Electronic Filing.

Service List:
Alisa Taormina, Esq.
Strook, Strook & Lavan, LLP
200 S. Biscayne Blvd., Ste. 300
Miami, FL 33131
ataormina@strook.com

/s/ *Christopher Legg*
Christopher W. Legg, Esq.

Exhibit 'A'

LISA GARZON, individually and on
behalf of all others similarly situated,

      Plaintiff,                               **CLASS ACTION**
                                             **JURY DEMAND**

-vs-

FIRSTSOURCE ADVANTAGE, LLC,
a New York limited liability company,

      Defendant.

_____/

## SECOND AMENDED CLASS ACTION COMPLAINT

Plaintiff, Lisa Garzon (hereinafter "Plaintiff"), individually and on behalf of all others similarly situated, hereby files her Second Amended Class Action Complaint for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") against Defendant, FirstSource Advantage, LLC (hereinafter "Defendant") in order to remedy illegal debt collection practices.

## INTRODUCTION

1.    Abusive practices arising from the collection of time-barred debts are not uncommon. *See Federal Trade Commission, Collecting Consumer Debt; The Challenge of Change, A Workshop Report* at 27-29 (Feb. 2009). The Federal Trade Commission has determined that most consumers do not know their legal rights with respect to collection of old debts past the statute of limitations and has also concluded that offers of partial payment "may convey or imply to consumers that they have only obligated themselves in the amount of the partial payment." *See Federal Trade Commission, The Structure and Practice of the Debt Buying*

*Industry* 46-47 (Jan. 2013). Because the profit potential associated with the collection of time-barred debts is so great, it presents an irresistible temptation to debt collectors and creditors alike. The instant class action is centered on the collection of these types of debts.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over this class action pursuant to 28 U.S.C. §§ 1331, 1337, and 15 U.S.C. § 1692k(d).

3.     Venue is proper because this is where the cause of action accrued, Defendant transacts and/or conducts business in this venue, Defendant indirectly attempted to collect consumer debts within this venue, and Plaintiff resides here.

4.     Defendant's indirect communications with Plaintiff and members of the Class in connection with the attempted collection of consumer debts in Florida made it foreseeable that it would be haled into a Florida Court. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985).

## PARTIES

5.     Plaintiff is a natural person, and at all times relevant to this action, was a citizen of the State of Florida, residing in Manatee County, Florida.

6.     At all times relevant to this action, Plaintiff was a "consumer" as defined by 15 U.S.C. § 1692a(3).

7.     Defendant is a foreign corporation whose principal place of business is located at 205 Bryant Woods South, Amherst, NY 14228.

8.     Defendant's registered agent for service of process in the state of Florida is CT Corporation System, 1200 South Pine Island Road, Plantation, FL 33324.

9.     Defendant describes itself as "a leading global collections service provider" that "has been delivering results in the collections arena since 1995."[1]

10.     Defendant uses instrumentalities of interstate commerce or the mails in a business the principle purpose of which is the collection of debts.

11.     Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or asserted to be owed or due another.

12.     Defendant is registered with the Florida Office of Financial Regulation as a collection agency and is assigned license number CCA0800169.

13.     At all times relevant to this action, Defendant was a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## APPLICABLE LAW

### I.     The Fair Debt Collection Practices Act

14.     Congress enacted the FDCPA, in part, "to eliminate abusive debt collection practices" and "protect consumers from deceptive or harassing actions taken by debt collectors." 15 U.S.C. § 1692.

15.     "In order to prevail on an FDCPA claim, a plaintiff must prove that: (1) the plaintiff has been the object of collection activity arising from a consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Fuller v. Becker & Poliakoff, P.A.*, 192 F. Supp. 2d 1361, 1366 (M.D. Fla. 2002).

16.     The FDCPA defines the term "communication" as "the conveying of information regarding a debt directly or indirectly to any person through any medium."

---

[1] http://www.firstsourceadvantage.com/about.aspx

17. The FDCPA defines the term "consumer" as "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3).

18. The FDCPA defines the term "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5).

19. The FDCPA defines the term "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, *or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.*" 15 U.S.C. § 1692a(6) (emphasis added).

20. The FDCPA states "[a] debt collector may not use false, deceptive or misleading representations in connection with the collection of any debt." 15 U.S.C. § 1692e.

21. The FDCPA prevents "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

22. The FDCPA states "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

23. The FDCPA creates a private right of action under 15 U.S.C. § 1692k.

24. The Eleventh Circuit has adopted the "least sophisticated consumer" standard to analyze claims of deception and misrepresentation with regard to FDCPA claims. *See Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1172-75 (11th Cir. 1985).

**FACTUAL ALLEGATIONS**

25.	At all times relevant to this action, Defendant regularly collected or attempted to collect, directly or indirectly, debts arising from transactions incurred primarily for personal, family or household purposes asserted to be owed or due another.

26.	Specifically, Defendant regularly collected or attempted to collect, directly or indirectly, debts from Plaintiff and members of the Class for American Express.

27.	Plaintiff's and members of the Class' aforementioned American Express accounts were in default and were "debts" as defined by the FDCPA.

28.	At all times relevant to this action, Defendant was not an employee or an officer of American Express or any of its related entities.

29.	At all times relevant to this action, Defendant was not related by common ownership or affiliated by corporate control with American Express or any of its related entities.

30.	At all times relevant to this action, Defendant was acting as a debt collector by providing debt collection services to American Express for accounts that were outside of the applicable statute of limitations.

31.	Sometime between 2012 and 2016, Plaintiff received several form debt collection letters from Defendant demanding payment of her American Express credit card debt.

32.	The aforementioned debt collection letters contained notifications required under the FDCPA and demanded payment through several options.

33.	Sometime in early March of 2018, Plaintiff received a debt collection letter dated March 2, 2018 (hereinafter the "March Letter"), which offered several options to settle the balance owed on her American Express credit card account. (Exhibit 'A').

34.	When Plaintiff received the March Letter, she bore no legal responsibility to pay the debt and could face no legal exposure by not paying.

35.     The March Letter displays the American Express logo accompanied by an encircled "R" that typically denotes the use of a registered trademark.

36.     The March Letter states that Plaintiff is indebted to American Express in the amount of $2,242.84.

37.     The March Letter further states the following:

"The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it. In addition, the law limits how long a debt can be reported to a consumer reporting agency. Because of the age of your debt, we cannot report it to a consumer reporting agency. Payment or non-payment of this debt will not affect your credit."

"American Express understands that you may be having difficulties paying the Outstanding Balance on your American Express account referenced above and would like to work with you to come to a solution."

"This letter offers you the opportunity to settle your account for $1,009.44 which represents 45% of the Outstanding Balance."

"Pay 45% of your balance owed over the next 24 months and your payment will be $42.06 a month."

"To accept this offer you must call 1-855-618-2435 by 03/27/2018."

"Settle for a Portion of the Outstanding Balance and Avoid Further Collection Activity"

"This opportunity allows you to resolve the balance owed on your American Express account and avoid additional collections activities."

"Sincerely, American Express Global Collections"

38.     The March Letter is an offer to settle a debt that is outside of the applicable statute of limitations and mandates that Plaintiff must call 1-855-618-2435 (hereinafter the "855 Number") in order to accept the settlement offer.

39.     The 855 Number is not a telephone number associated with American Express; however, callers to the 855 Number are greeted by individuals identifying themselves as American Express.

40.     Consumers, individuals, and persons who call the 855 Number are, in fact, speaking to Defendant, who is a debt collector. (Exhibit 'B').[2]

41.     The March Letter references an address of P.O. Box 6985, Buffalo, NY 14240 (hereinafter the "P.O. Box Number"), which is placed immediately under the name "American Express."

42.     Upon information and belief, the P.O. Box Number is not associated with or used by American Express.

43.     The March Letter references the name "American Express Global Collections," which is not an actual entity.

44.     The New York Department of State, Division of Corporations does not affirmatively show that an entity called "American Express Global Collections" exists. (Exhibit 'C').[3]

45.     The numerous references to "American Express" in the March Letter are deceptive to Plaintiff and members of the Class, as there is no way for them to know that Defendant is involved in the debt collection process.

46.     By concealing its involvement in the debt collection process, Defendant has deprived Plaintiff and members of the Class from their statutory right to prevent Defendant from taking further collection activities. 15 U.S.C. § 1692c(c) ("If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt ….").

47.     Debt collection letters in the form of the March Letter (hereinafter the "Letters") were sent to thousands of consumers with mailing addresses in the State of Florida.

---

[2] https://800notes.com/Phone.aspx/1-855-618-2435 (last visited March 23, 2018)
[3] https://appext20.dos.ny.gov/corp_public/CORPSEARCH.SELECT_ENTITY (last visited March 23, 2018)

48. Defendant took actions and performed services concerning Plaintiff's and members of the Class' American Express debts that were so intertwined with the March Letter and the Letters they constitute debt collection activity.

49. Nowhere does the March Letter or the Letters reveal that Defendant is regularly engaged, directly and indirectly, in collecting debts for American Express.

50. The March Letter and the Letters do not notify Plaintiff or members of the Class that their acknowledgment of the debt, and a partial payment on the debt, would strip them of the protection provided by statute of limitations.

51. Further, a debt collector, like Defendant, violates the FDCPA by communicating with a consumer, directly or indirectly, and omitting from that communication "that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose …." 15 U.S.C. §1692e(11).

52. The March Letter and the Letters omit this statutorily required notice.

53. Defendant has been sued previously for similar false, misleading and deceptive debt collection activities. *See Pollak v. FirstSource Advantage, LLC*, Case No.: 3:15-cv-06046-BRM-DEA, 2017 U.S. Dist. LEXIS 37520 (D.N.J. March 16, 2016).

## CLASS ALLEGATIONS

54. Plaintiff brings this action under Rule 23 of the Federal Rules of Civil Procedure on behalf of the following class of persons, subject to modification after discovery and further case development:

> *All persons with mailing addresses located in the State of Florida, who were sent letters in the form of Exhibit 'A' during the one-year period prior to the filing of this action.*

55. The members of the Class are all identifiable through Defendant's and/or other third-party's records.

56.     Excluded from the Class are Defendant; any entities in which it has a controlling interest; its agents and employees; and any Judge to whom this action is assigned and any member of such Judge's staff and immediate family.

57.     Plaintiff proposes that she serve as class representative for the class as she and the members of the Class have all been harmed by Defendant's actions.

58.     The members of the Class are so numerous and geographically diverse that joinder of all of them is impracticable.

59.     Plaintiff believes and therefore avers, that Defendant has improperly sent collection letters to over forty (40) consumers throughout the State of Florida during the relevant time period.

60.     There are questions of law and fact common to Plaintiff and to the members of the Class, including but not limited to:

    a.   Whether Defendant's conduct constitutes violations of 15 U.S.C. § 1692e;

    b.   Whether Defendant's conduct constitutes violations of 15 U.S.C. § 1692e(10);

    c.   Whether Defendant's conduct constitutes violations of 15 U.S.C. § 1692c;

    d.   Whether Defendant's conduct constitutes violations of 15 U.S.C. § 1692f;

    e.   Whether Plaintiff and members of the Class are entitled to statutory damages pursuant to the FDCPA as a result of Defendant's actions;

    f.   Whether Plaintiff and members of the Class are entitled to actual damages pursuant to the FDCPA as a result of Defendant's actions;

    g.   Whether Plaintiff and members of the Class are entitled to attorney's fees and costs pursuant to the FDCPA; and

    h.   Whether Defendant should be enjoined from engaging in such conduct in the future.

61.     Plaintiff's claims are typical of the claims of the other members of the Class, and Plaintiff has no interests that are adverse or antagonistic to the interests of the other members of the Class.

62.     Plaintiff is an adequate representative of the Class because she will fairly and adequately protect the interests of the Class, and counsel who is experienced in litigation of this nature represent her.

63.     Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of this controversy.

64.     The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation.

## COUNT I
## VIOLATIONS OF 15 U.S.C. § 1692e

65.     At all times relevant to the instant action, Plaintiff and members of the Class were "consumers" as defined by the FDCPA because they were natural persons obligated or allegedly obligated to pay any debt.

66.     At all times relevant to the instant action, Defendant was a "debt collector" as defined by the FDCPA because its principal business purpose is the collection of debts and because it regularly collects debts, directly and indirectly, owed to American Express.

67.     At all times relevant to the instant action, Plaintiff's and members of the Class' American Express accounts were "debts" as defined by the FDCPA because they were incurred for personal, family, or household use.

68.     Defendant indirectly attempted to collect debts from Plaintiff and members of the Class in the March Letter and the Letters. 15 U.S.C. § 1692a(2) ("The term "communication"

means the conveying of information regarding a debt directly or indirectly to any person through any medium.").

69.     Defendant violated 15 U.S.C. § 1692e generally by using false, deceptive or misleading representations or means in connection with the collection of debts from Plaintiff and members of the Class.

70.     Defendant violated 15 U.S.C. § 1692e(10) by using false representations or deceptive means to collect or attempt to collect a debt from Plaintiff and members of the Class.

71.     The March Letter and the Letters were sent to Plaintiff and members of the Class.

72.     Defendant took actions and performed services concerning Plaintiff's and members of the Class' American Express debts that were so intertwined with the March Letter and the Letters they constitute debt collection activity.

73.     The March Letter and the Letters were false, deceptive, or misleading because they did not notify Plaintiff and members of the Class that Defendant was involved in the debt collection process.

74.     The numerous references to "American Express" in the March Letter and the Letters are deceptive to Plaintiff and members of the Class, as there is no way for them to know that by calling the 855 Number they would be communicating with Defendant.

75.     Defendant also used deceptive means in connection with collecting a debt from Plaintiff and members of the class by making the false representation that resolving the balance owed is the only way to avoid "additional collection activities" by Defendant. That is because Plaintiff has the statutory right to be free from Defendant's debt collection activities upon notifying Defendant to cease further debt collection communications.

76.     Further, Defendant misleads and confuses consumers into paying amounts (whether lawful or unlawful) on time-barred debts.

77.     Although it may not be automatically improper for Defendant to seek re-payment of Plaintiff's and other class members' time-barred debts, Defendant must exercise caution when doing so. To avoid creating a misleading impression as to the consequences of making a partial payment on a time-barred debt, the FTC requires that debt buyers and debt collectors adequately disclose that providing a partial payment could revive the collector's ability to pursue legal action to collect the balance.

**78.**     Because the March Letter and the Letters offer alternative partial payment plans, Defendant has created a misleading impression by failing to disclose clearly and prominently the effect of paying on a time-barred debt and that making a payment on the time-barred debt could revive the debt.

**79.**     Defendant has directly or indirectly engaged in conduct designed to thwart the protections the FDCPA provides consumers.

80.     As a result of Defendant's aforementioned violations of the FDCPA, Plaintiff and members of the Class suffered damages, including but not limited to, deprivation of information to which they have a legal right; deprivation of the right to receive disclosures required by the FDCPA; the risk that they may pay a debt that they may not otherwise have chosen to pay; the risk that they may pay a debt that they are not legally obligated to pay; the risk of creating liability for a time-barred debt; frustration, annoyance and time spent addressing Defendant's illegal debt collection practices.

<u>**COUNT II**</u>
<u>**VIOLATIONS OF 15 U.S.C. § 1692e**</u>

81.     At all times relevant to the instant action, Plaintiff and members of the Class were "consumers" as defined by the FDCPA because they were natural persons obligated or allegedly obligated to pay any debt.

82.     At all times relevant to the instant action, Defendant was a "debt collector" as defined by the FDCPA because its principal business purpose is the collection of debts and because it regularly collects debts, directly and indirectly, owed to American Express.

83.     At all times relevant to the instant action, Plaintiff's and members of the Class' American Express accounts were "debts" as defined by the FDCPA because they were incurred for personal, family, or household use.

84.     Defendant indirectly attempted to collect debts from Plaintiff and members of the Class in the March Letter and the Letters. 15 U.S.C. § 1692a(2) ("The term "communication" means the conveying of information regarding a debt directly or indirectly to any person through any medium.").

85.     The March Letter and the Letters were sent to Plaintiff and members of the Class.

86.     Defendant took actions and performed services concerning Plaintiff's and members of the Class' American Express debts that were so intertwined with the March Letter and the Letters they constitute debt collection activity.

87.     A debt collector violates the FDCPA if it fails to disclose in a communication with the consumer "that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector…." 15 U.S.C. § 1692e(11).

88.     By not providing this required disclosure in the March Letter and the Letters, Defendant has prevented Plaintiff and members of the Class from receiving vital information to which they are entitled under the FDCPA.

89.     As a result of Defendant's aforementioned violations of the FDCPA, Plaintiff and members of the Class suffered damages, including but not limited to, deprivation of information to which they have a legal right; deprivation of the right to receive disclosures required by the

FDCPA; the risk that they may pay a debt that they may not otherwise have chosen to pay; the risk that they may pay a debt that they are not legally obligated to pay; the risk of creating liability for a time-barred debt; frustration, annoyance and time spent addressing Defendant's illegal debt collection practices.

<u>**COUNT III**</u>
<u>**VIOLATIONS OF 15 U.S.C. § 1692f**</u>

90.     At all times relevant to the instant action, Plaintiff and members of the Class were "consumers" as defined by the FDCPA because they were natural persons obligated or allegedly obligated to pay any debt.

91.     At all times relevant to the instant action, Defendant was a "debt collector" as defined by the FDCPA because its principal business purpose is the collection of debts and because it regularly collects debts, directly and indirectly, owed to American Express.

92.     At all times relevant to the instant action, Plaintiff's and members of the Class' American Express accounts were "debts" as defined by the FDCPA because they were incurred for personal, family, or household use.

93.     Defendant indirectly attempted to collect a debt from Plaintiff and members of the Class in the March Letter and the Letters. 15 U.S.C. § 1692a(2) ("The term "communication" means the conveying of information regarding a debt directly or indirectly to any person through any medium.").

94.     Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect a debt from Plaintiff and members of the Class.

95.     The March Letter and the Letters were sent to Plaintiff and members of the Class.

96.     Defendant took actions and performed services concerning Plaintiff's and members of the Class' American Express debts that were so intertwined with the March Letter and the Letters they constitute debt collection activity.

97. The March Letter and the Letters were unfair or unconscionable because they did not notify Plaintiff and members of the Class that Defendant was involved in the debt collection process.

98. The numerous references to "American Express" in the March Letter and the Letters are unfair or unconscionable to Plaintiff and members of the Class, as there is no way for them to know that by calling the 855 Number they would be communicating with Defendant.

99. Defendant also used unfair or unconscionable means to collect or attempt to collect a debt because it fails to disclose the adverse effects of making partial payment toward the time-barred debt.

100. Defendant misleads and confuses consumers into paying amounts (whether lawful or unlawful) on time-barred debts.

101. Although it may not be automatically improper for Defendant to seek re-payment of Plaintiff's and other Class members' time-barred debts, Defendant must exercise caution when doing so. To avoid creating a misleading impression as to the consequences of making a partial payment on a time-barred debt, the FTC requires that debt buyers and debt collectors adequately disclose that providing a partial payment could revive the collector's ability to pursue legal action to collect the balance.

**102.** Because Defendant's collection letter offers alternative partial payment plans, Defendant has created a misleading impression by failing to disclose clearly and prominently the effect of paying on a time-barred debt and that making a payment on the time-barred debt could revive the debt.

103. As a result of Defendant's aforementioned violations of the FDCPA, Plaintiff and members of the Class suffered damages, including but not limited to, deprivation of information to which they have a legal right; deprivation of the right to receive disclosures required by the

FDCPA; the risk that they may pay a debt that they may not otherwise have chosen to pay; the risk that they may pay a debt that they are not legally obligated to pay; the risk of creating liability for a time-barred debt; frustration, annoyance and time spent addressing Defendant's illegal debt collection practices.

**COUNT IV**
**VIOLATIONS OF 15 U.S.C. § 1692c**

104.    At all times relevant to the instant action, Plaintiff and members of the Class were "consumers" as defined by the FDCPA because they were natural persons obligated or allegedly obligated to pay any debt.

105.    At all times relevant to the instant action, Defendant was a "debt collector" as defined by the FDCPA because its principal business purpose is the collection of debts and because it regularly collects debts, directly and indirectly, owed to American Express.

106.    At all times relevant to the instant action, Plaintiff's and members of the Class' American Express accounts were "debts" as defined by the FDCPA because they were incurred for personal, family, or household use.

107.    Defendant indirectly attempted to collect debts from Plaintiff and members of the Class in the March Letter and the Letters. 15 U.S.C. § 1692a(2) ("The term "communication" means the conveying of information regarding a debt directly or indirectly to any person through any medium.").

108.    The FDCPA provides that "[i]f a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt…." 15 U.S.C. § 1692c(C).[4]

---

[4] Section 1692c(C)(1)-(3) provides exceptions to the cease communication notice as follows: (1) to advise the consumer that the debt collector's further efforts are being terminated; (2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor;

109. In its indirect communications with Plaintiff and members of the Class, Defendant concealed its identity and involvement, so Plaintiff and members of the Class would not know a debt collector was involved in the collection of their debts.

110. By concealing its identity and involvement, Defendant prevented Plaintiff and members of the Class from exercising their statutory right to be free from the Defendant's unwanted debt collection activities.

111. Because of Defendant's aforementioned violations of the FDCPA, Plaintiff suffered damages, including but not limited to, deprivation from the ability to exercise the right to cease Defendant's unwanted debt collection activity; deprivation of the right to receive disclosures required by the FDCPA; the risk that Plaintiff may pay a debt she may not otherwise have paid; the risk that Plaintiff may pay a debt she is not legally obligated to pay; frustration; annoyance and time spent addressing Defendant's illegal debt collection practices.

## JURY DEMAND

112. Plaintiff and members of the Class are entitled to and respectfully demand a trial by jury on all issues so triable.

## RELIEF REQUESTED

WHEREFORE, Plaintiff, individually and on behalf of all members of the Class, respectfully requests this Court enter judgment against Defendant for all of the following:

a. That the Court certify Plaintiff's claims and all other persons similarly situated as class action claims under Rule 23 of the Federal Rules of Civil Procedure;

b. That Plaintiff and all members of the Class be awarded statutory damages pursuant to the FDCPA;

---

or (3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.

c. That Plaintiff and all members of the Class be awarded actual damages pursuant to the FDCPA;

d. That Plaintiff and all members of the Class be awarded costs and attorney's fees pursuant to the FDCPA;

e. That the Court enter a judgment permanently enjoining Defendant from violating the FDCPA;

f. That the Court enter a judgment awarding any other injunctive relief necessary to ensure Defendant's compliance with the FDCPA;

g. That the Court enter an order that Defendant and its agents, or anyone acting on their behalf, be immediately restrained from altering, deleting or destroying any documents or records that could be used to identify members of the Class; and

h. Such other and further relief as the Court may deem just and proper.

Respectfully submitted,

By: /s/ *Christopher Legg*
Christopher Legg, Esq.
Florida Bar No.: 44460

CHRISTOPHER W. LEGG, P.A.
499 E. Palmetto Park Rd., Ste. 228
Boca Raton, FL 33432
Office: (954) 962-2333
Chris@theconsumerlawyers.com

Darren R. Newhart, Esq.
Florida Bar No.: 115546
Darren@cloorg.com
J. Dennis Card Jr., Esq.
Florida Bar No.: 0487473
DCard@cloorg.com

Consumer Law Organization, P.A.
721 US Highway 1, Suite 201
North Palm Beach, Florida 33408
Office: (561) 692-6013
Facsimile: (305) 574-0132

*Attorneys for Plaintiff
and the putative class*