# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

LISA GARZON, individually and on behalf
of all others similarly situated,

    Plaintiff,

v.                                      Case No. 8:18-cv-718-T-30CPT

FIRSTSOURCE ADVANTAGE, LLC, a
New York limited liability company,

    Defendant.
_____/

## ORDER

THIS CAUSE comes before the Court upon non-party American Express National Bank's Motion to Intervene (Dkt. 21), Plaintiff's Motion for Leave to File Second Amended Complaint (Dkt. 42), and the parties respective responses and briefs. The Court, upon review of these filings, and being otherwise advised in the premises, concludes that American Express should be permitted to intervene in this action because it is the real party in interest. The Court also concludes that Plaintiff's motion to amend should be denied as futile because the parties' limited discovery revealed that no plausible claims exist against Defendant Firstsource Advantage, LLC.

## BACKGROUND

On March 26, 2018, Plaintiff Lisa Garzon filed the instant class action against Defendant Firstsource Advantage, LLC for violations of the Fair Debt Collection Practices Act ("FDCPA"). Garzon alleges that Firstsource violated the FDCPA because it sent debt

collection letters to Garzon and thousands of other Florida consumers that involved time-barred debts. The letters did not inform the consumer that a partial payment or a promise to make a payment would potentially reinstate the statute of limitations on the time-barred debts. The letters also misled consumers to the extent that they related to American Express credit card debt and were written on American Express letterhead. According to Garzon, Firstsource is not affiliated with American Express. Garzon alleges that she and members of the class were deceived to the extent that the debt collection letters appeared as if they were sent directly from American Express.

On August 7, 2018, American Express National Bank moved to intervene. American Express argued that it should be permitted to intervene to allow it to defend Garzon's claims against Firstsource. It contended that the letters from Firstsource properly identified American Express as the sender and that the letters were a direct offer to Garzon and the putative class members to settle their American Express credit card account for less than the full balance owed. American Express stated that, if the Court granted its motion to intervene, this case should be compelled to arbitration pursuant to the express terms of an arbitration agreement between Garzon and American Express.

On September 24, 2018, the Court entered an Order deferring its ruling on the motion to intervene pending the parties' limited discovery on the "factual dispute about American Express's interest related to the debt collection letters, which are the subject of this action." (Dkt. 34). The Court noted that American Express represented that the letters to Garzon were sent directly from American Express. The Court further noted that: "If American Express

is correct, it would be the real party in interest to the transaction which is the subject of the proceeding." *Id.* The Court granted the parties sixty days to conduct discovery on this matter and fourteen days after the conclusion of the discovery period to file additional briefs.

Now discovery on this issue has concluded and the parties have filed the additional briefing. Garzon also filed a motion for leave to file a second amended complaint. Garzon concedes what the discovery revealed—American Express sent the subject collection letters. Despite this revelation, Garzon's motion seeks to amend its complaint to revise the claims against Firstsource. Garzon does not seek to add American Express as a party to this action. Specifically, Garzon states that she "now wishes to amend in order to allege that because [Firstsource] performed actions that were so intertwined with the production of the subject debt collection letters and was intimately involved in the overall debt collection process driven by the subject collection letters, its actions constitute debt collection activity." (Dkt. 42). Garzon does not cite to any relevant case law in support of this novel legal theory.

Firstsource opposes Garzon's motion to amend, arguing, in relevant part, that the amendment would be futile. As explained further below, the Court agrees. However, before the Court reaches the matter of amendment, the Court first explains why American Express should be permitted to intervene.

## DISCUSSION

I. **American Express's Motion to Intervene**

Parties seeking to intervene as a matter of right under Rule 24(a)(2) of the Federal Rules of Civil Procedure must show that: "(1) [their] application to intervene is timely; (2)

[they have] an interest relating to the property or transaction which is the subject of the action; (3) [they are] so situated that disposition of the action, as a practical matter, may impede or impair [their] ability to protect that interest; and (4) [their] interest is represented inadequately by the existing parties to the suit." *Tech. Training Assocs., Inc. v. Buccaneers Ltd. P'ship*, 874 F.3d 692, 695–96 (11th Cir. 2017) (citing *Stone v. First Union Corp.*, 371 F.3d 1305, 1308–09 (11th Cir. 2004)). The movant must establish each factor in order to intervene under Rule 24(a)(2). *Id.*

These four factors weigh heavily in permitting American Express to intervene. The record reflects that American Express's request is timely. And, as the Court explained previously, because the collection letters were sent directly from American Express, there is no question that it is the real party in interest. Finally, Firstsource's representation would not be adequate because discovery has revealed that it had no involvement in creating the content of the subject letter. Firstsource also was not involved in creating the policies and procedures that led to American Express sending Garzon the letter. American Express's interest in preserving its right to present its cardmembers with settlement offers and secure settlements on their accounts is separate and distinct from Firstsource's interests. Accordingly, the motion to intervene is granted.

## II. Plaintiff's Motion to Amend

A motion to amend may be denied under Rule 15(a) of the Federal Rules of Civil Procedure if the proposed amendment is futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). Courts repeatedly hold that an amendment is futile where the complaint as amended would be subject to dismissal and deny motions for leave to amend on those grounds. *See,*

*e.g., Tucker v. Busbee*, 619 Fed. Appx. 868, 870 (11th Cir. 2015); *Sutor v. Intex Recreation Corp.*, No. 2:12-CV-600-FtM-38DNF, 2014 WL 5439302, at *3 (M.D. Fla. Oct. 24, 2014).

The entirety of Garzon's claims in the proposed second amended complaint are based upon the content of the letter that American Express created and sent to Garzon. As such, Garzon's claims regarding the content of the subject letters are not plausibly asserted against Firstsource, who had no involvement with this content and who did not send the letter to Garzon. Accordingly, Garzon's motion to amend is denied.

It is therefore **ORDERED AND ADJUDGED** that:

1. American Express National Bank's Motion to Intervene (Dkt. 21) is granted.

2. Plaintiff's Motion for Leave to File Second Amended Complaint (Dkt. 42) is denied.

3. The parties' Motions requesting reply briefs (Dkts. 54, 55) are denied as moot.

**DONE** and **ORDERED** in Tampa, Florida on January 10, 2019.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>Copies furnished to:</u>
Counsel/Parties of Record